**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER LEE MCDANIEL, | No. 16-35517 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-05319-JRC |
| v. | |
| B.G.S.00 LLC, DBA Boomers Sports Bar & Grill, a Washington Limited Liability Company Defaulted 4/10/2012; B.G.S.00 LLC, DBA Gold Rush Tavern, a Washington Limited Liability Company Defaulted 4/10/2012; B.G.S.00 LLC, DBA Gold Rush Restaurant and Lounge, a Washington Limited Liability Company Defaulted 4/10/2012, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
J. Richard Creatura, Magistrate Judge, Presiding

Submitted June 5, 2018**
Portland, Oregon

Before:  M. SMITH and MURGUIA, Circuit Judges, and HELLERSTEIN,***

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Alvin K. Hellerstein, United States District Judge for the Southern District of New York, sitting by designation.

District Judge.

On September 3, 2008, Plaintiff-Appellant Christopher McDaniel was injured while crossing the street in Vancouver, Washington, after a Ford Taurus collided with a truck hauling a trailer, and the truck rolled over McDaniel. Police reports revealed that a witness reported playing several games of pool with the driver of the Taurus in a nearby bar, the Gold Rush Tavern, before the accident. McDaniel filed suit in the United States District Court for the District of Oregon against the owner of the bar, B.G.S.00 LLC ("BGS"), alleging violations of Washington laws prohibiting over-service of alcohol to visibly intoxicated customers. In his present appeal, McDaniel argues the district court erred in granting summary judgment in favor of BGS on the ground that McDaniel failed to present any admissible evidence to prove that the driver of the Taurus was apparently under the influence of alcohol at the time he was allegedly over-served alcohol by a BGS employee. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Reviewing de novo, *see Stanford Ranch, Inc. v. Md. Cas. Co.*, 89 F.3d 618, 624 (9th Cir. 1996), we conclude that McDaniel failed to produce sufficient evidence to defeat summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). In order to prove that BGS violated Washington's alcohol over-service law, McDaniel must prove that an employee of the Gold Rush Tavern

2

served alcohol to the driver of the Taurus, Kenneth Laufman, while Laufman was "apparently under the influence of liquor." *See* Wash. Rev. Code § 66.44.200(1); *Faust v. Albertson*, 222 P.3d 1208, 1213 (Wash. 2009). Proving apparent intoxication requires "direct, observational evidence at the time of the alleged overservice or by reasonable inference deduced from observation shortly thereafter." *Faust*, 222 P.3d at 1213.

Here, McDaniel has not produced either direct or circumstantial evidence that Laufman was apparently under the influence of liquor at the time of the alleged over-service. The sole evidence that Laufman was present in the BGS-owned establishment, the Gold Rush Tavern, on the morning of the accident was from the hearsay testimony contained in a police incident report from a man named Hayes, who identified himself as a janitor at the Gold Rush Tavern. Hayes's testimony, even if admissible, established only that Laufman (1) was present in the bar for 45 minutes to an hour, (2) played pool with Hayes and another man, (3) stayed in a separate room away from the bar area, and (4) drank a Pepsi. Hayes did not observe Laufman drinking alcohol, or that Laufman was even near the bar area. Hayes also did not relay that Laufman had observable signs of intoxication. This scant evidence of Laufman's state of intoxication while at the Gold Rush Tavern is speculative at best and does not create a genuine issue for trial. *Anderson*, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's

3

position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.").

We also reject McDaniel's theory that the fact that Laufman was visibly intoxicated at the time of the accident, an hour and a half after he left the Gold Rush Tavern, constituted circumstantial evidence of apparent intoxication at the time of the alleged over-service. McDaniel points to no case in which a court has inferred intoxication following such a long period of time between the alleged over-service and the later-observed signs of intoxication. *See Faust*, 222 P.3d at 1214 (tortfeasor was visibly drunk at the time she left the lodge); *Fairbanks v. J.B. McLoughlin Co.*, 929 P.2d 433, 436 (Wash. 1997) (per curiam) (accident occurred 20–50 minutes after tortfeasor left a banquet); *Dickinson v. Edwards*, 716 P.2d 814, 818 (Wash. 1986) (observations of intoxication occurred 10 minutes after leaving a banquet). To the contrary, the fact that there is no account in the record of Laufman's conduct during this considerable time precludes any inference of intoxication at the time of the alleged over-service. *See Dickenson*, 716 P.2d at 818. For these reasons, the district court's grant of summary judgment for BGS on McDaniel's claim under Washington Revised Code § 66.44.200(1) was proper.

We deem McDaniel's common law negligence claims abandoned, as they are not addressed anywhere in the opening brief. *See* Fed. R. App. P. 28(a)(8); *All Pac. Trading, Inc. v. Vessel M/V Hanjin Yosu*, 7 F.3d 1427, 1434 (9th Cir. 1993).

4

Because we affirm on the merits, we do not reach BGS's argument in the alternative that dismissal was proper because the district court erred in granting McDaniel's motion to transfer venue.

**AFFIRMED.**